## 5867.  CARTLEDGE *v.* THE STATE.

1. Where the jury in a criminal case are fully and correctly instructed by the court on the law as to the defendant's statement to the court and jury, and as to their duty to acquit him unless satisfied of his guilt beyond a reasonable doubt, the omission to charge specifically that such a doubt may grow out of the defendant's statement is not error. *Early* v. *State,* 14 *Ga. App.* 467 (2) (81 S. E. 385), and citations.

2. Where an indictment charged the theft of three hogs particularly described, and alleged to be the property of a named person, and the evidence showed the theft not only of these three hogs, but of a hog not mentioned in the indictment, and the court charged the jury as follows: "If you should not believe that the defendant unlawfully, wrongfully, and fraudulently took and carried away, with intent to steal, the hogs described in the bill of indictment, or any one of them, as charged in this bill of indictment, or if you have a reasonable doubt that the defendant did so or not, you ought to acquit," the charge was not subject to the objection that this instruction authorized the jury to convict the defendant if they should believe he had stolen the hog *not* described in the indictment, and the ownership of which was not proved; especially where the court, in the same connection, further confined the jury to a consideration of the charge in the indictment, by instructing them that they would be authorized to convict if they believed the defendant did, on a day named, unlawfully, wrongfully, and fraudulently take and carry away, with intent to steal the same, "any one or more of the hogs *described in this bill of indictment,* belonging to J. M. Windsor [named in the indictment as the owner], if the evidence shows that any one of them belonged to him." This instruction authorized the jury to convict only in the event they believed, from the evidence, that the defendant had unlawfully, wrongfully, and fraudulently taken and carried away, one or more of the three hogs described in the indictment, as the property of the person named therein as owner, with intent to steal the same, and provided they believed the hogs to be the property of the alleged owner, and it did not authorize them to convict the defendant for the theft of any hog not included by the description in the indictment or not the property of the person named in the indictment as owner.

DECIDED NOVEMBER 17, 1914.

Indictment for larceny; from Early superior court—Judge Worrill. June 30, 1914.

*Rambo & Wright,* for plaintiff in error.
*B. T. Castellow, solicitor-general, R. R. Arnold,* contra.

WADE, J.  For some unaccountable reason, both in this case and in the case of *Everett* v. *State,* this day decided, and involving the same crime, ante, 390 (83 S. E. 428), learned counsel for the plaintiff in error appear to have labored under the impression that the indictment charged the larceny of not only three hogs described as the property of J. M. Windsor and identified by his evidence, but

also of a fourth hog, described in the evidence as a certain sow, marks unknown, ownership unknown, which the evidence discloses was found in the possession of the defendant Cartledge, and which, on the trial of Everett, Cartledge testified had been delivered to him by Everett. In point of fact, in neither indictment is there any mention of the sow not identified as the property of J. M. Windsor. Hence it is obvious that the exception to the charge of the court, recited in the second headnote in this case, and a similar exception to the charge of the court in the *Everett* case, must have arisen from the apprehension on the part of counsel for the defendants that these indictments charged each of the defendants with the larceny of *four* hogs instead of *three*. Suffice it to say, the record in each case shows that the defendants were each indicted for the larceny of three hogs, definitely described with great particularity and alleged to be the property of J. M. Windsor, and the charge in this case (as was also true in the *Everett* case) expressly limited the jury to the consideration of the question whether the accused had stolen one or more of the hogs described in the indictment as the property of J. M. Windsor, and required them to acquit him if they found that he had not stolen one or more of these particular hogs, or if they found that he had stolen one or more of the said hogs and further found that the hog or hogs stolen did not belong to J. M. Windsor, as alleged in the indictment.

*Judgment affirmed. Broyles, J., not presiding.*